## LINDE et al. v. GRANT, Sheriff.

*(Supreme Court, General Term, First Department. February 13, 1891.)*

1. WAREHOUSEMEN—ADVANCES—COMMISSION.
    Warehousemen who advance money upon goods have a right to charge a commission for the trouble and expenses they may be put to in the transaction.
2. SAME—USURY.
    Plaintiffs were warehousemen, also doing a banking business, advancing money upon their receipt for the property deposited. This receipt the customer desiring the advance indorsed in blank, and gave to plaintiffs, with his promissory note also in blank. Upon this security plaintiffs advanced the face of the note less 6 per cent. interest and a commission. The payment of the note plaintiffs guarantied, and procured its discount. *Held*, that the fact that the money advanced was paid by plaintiffs before the note was discounted was not such conclusive evidence in regard to the transaction being a cover for usury as to justify the taking of the question from the jury, and that a finding that the transaction was legitimate would not be disturbed.

Appeal from circuit court, New York county.

Action by Frederick C. Linde and Franklin Rhodes against Hugh J. Grant, sheriff of the city and county of New York. There was a verdict for plaintiffs, and from the judgment entered thereon in their favor the defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Cockran & Grant,* (A. Blumenstiel, of counsel,) for appellant. *Edward S. Clinch,* (John E. Parsons, of counsel,) for respondents.

VAN BRUNT, P. J. This action was brought to replevin certain goods stored with the plaintiffs as warehousemen by the firm of G. M. Foster & Co. For these and other goods stored with the plaintiffs, Foster & Co. had received warehouse receipts, upon which, with their notes, loans had been made aggregating a large amount of money. In January, 1887, in actions against Foster & Co., writs of attachment were issued, and under these the defendant, as sheriff, levied and took into his possession the property described in the complaint, and when the defendant threatened to remove the goods this action was commenced to recover possession. The plaintiffs claimed possession because of the loans hereinbefore mentioned. The defense is that the loans in question were made by the plaintiffs to Foster & Co. under a usurious and corrupt agreement. There was some question also as to a lien of the plain-

tiffs for storage. Upon the trial a special verdict was rendered, and a general verdict. By their special verdict the jury found—*First*, that the plaintiffs were entitled to possession of the goods by virtue of their lien for storage; *second*, that they were entitled to possession by reason of advances made on the goods; *third*, that the plaintiffs had never waived their lien for storage; and, *fourth*, that the plaintiffs did not make the several loans or advances upon the property under a usurious contract; and by their general verdict the jury found that the plaintiffs were entitled to the possession of the property described in the complaint, and from the judgment thereupon entered, and from an order denying a motion for a new trial, this appeal is taken.

The principal question raised upon this appeal is whether or not the transactions between the plaintiffs and Foster & Co. were usurious in their character. It is, of course, necessary for the defendant to establish this defense; and, as intent is essential to constitute the offense of usury, it is incumbent upon the defendant to establish this intent, if any excess of interest was taken. It is undoubtedly true that, if the facts proven clearly establish the intent to take more than legal interest for the loan, the usury is made out, even though the intent to take usury may be denied, because the proof of the doing of a thing prohibited by the law, with intent to do the same, establishes the commission of the offense. Therefore if the transaction between the plaintiff and Foster & Co. were made under the form which was adopted by them as a cover for usury, then the crime of usury is established.

In the disposition of this question, although there are various transactions involved, it will be necessary to consider the facts in but one of them, as the representative of a class, and determine whether from these facts it necessarily follows that the transactions were usurious; because, if any other inference can be drawn than that they were usurious, the jury having found in favor of the plaintiffs against the claim of usury, this court cannot disturb it. It appears that the plaintiffs were warehousemen, and that in connection with their business of warehousemen they did a banking business, advancing money upon warehouse receipts, and that Foster & Co. were customers of theirs, and had stored with them a large amount of property, upon which the plaintiffs had made advances. Upon the deposit of property the plaintiffs were accustomed to issue a warehouse receipt to Foster & Co., who indorsed the same in blank, and then gave their note to the plaintiffs, accompanied with the warehouse receipt, whereby at some future day, for value received, they promised to pay "to ——— or order, in gold coin or United States notes or treasury notes, which are legal tender, having deposited with said bank as collateral security for the payment of this note, and also as collateral security for all other present or future demands, of any and all kinds, of the said bank against the undersigned, due or not due." Then follows a description of the property, with a power of sale. Upon this security the plaintiffs were accustomed to advance the face of the note, less 6 per cent. interest and commission. The payment of these notes the plaintiffs guarantied, and procured the same to be discounted by certain banks. It further appears that almost all the notes held by the plaintiffs were renewals of notes which fell due and were not paid by Foster & Co. The renewal notes not having been paid by Foster & Co., the holders of the notes transferred the same to the plaintiffs, together with the warehouse receipts accompanying the same. It was claimed upon the part of the defendant that this was a loan of money by the plaintiffs to Foster & Co. at a usurious rate of interest, with the intention of taking more than the statute allowed, and that consequently usury was made out. Upon the part of the plaintiffs it was claimed that they simply charged this commission for the use of their name in procuring the money from these various banks, who discounted the notes upon the faith of their guaranty. The evidence shows beyond question that the identical money which was obtained upon the discount of these notes was not handed over by plaintiffs to Foster

& Co. It appears that the moneys were paid to Foster & Co. by the checks of the plaintiffs upon their own bank, and before the notes in question had been discounted by the bank to whom they were subsequently transferred by the plaintiffs; and it is upon this feature of the evidence that it is claimed that these transactions were personal contracts of the plaintiffs with Foster & Co., and that the agreement in regard to interest and commission was a personal agreement between them; and that the commission cannot be treated as a compensation to the plaintiffs for the procurement of the money for Foster & Co. because they advanced their own money. Upon the other hand, it was claimed by the plaintiffs that they were procuring this money for Foster & Co., and were entitled to charge compensation for the use of their credit.

We think that there is no such conclusive evidence in regard to this transaction having been a cover for usury as would justify the court in taking the question from the jury. From the very nature of the notes themselves, and from the nature of the transactions, it seems to have been the intention of the parties that the notes, together with the warehouse receipts, should be negotiated by the plaintiffs with banks and the lenders of money. The form of the notes shows that they were not to be treated as ordinary commercial notes, because they were not made payable to the order of the plaintiffs, and indorsed by them for the purpose of giving them circulation, but in blank, apparently to be transferred to some bank, upon which transfer the plaintiffs were to guaranty their payment. Now, although the identical money procured by the negotiation of these notes was not paid over to Foster & Co., the facts of the case bring it within the principle laid down in those cases, where it has been decided that commission merchants, agents, warehousemen, and all others advancing money upon goods have a right to charge a commission for the trouble and expense they may be put to in the transaction.

The case of *Matthews* v. *Coe*, 70 N. Y. 239, seems to be a striking illustration of the circumstances under which such advances may be made, and the contract not be held usurious; and various cases are there cited which also illustrate the principle. It being in the contemplation of the parties at the time of these transactions that plaintiffs were to reimburse themselves for the money advanced by money which they were to raise upon their own credit, it seems to us that the transaction stands precisely the same as though the plaintiffs had raised the money upon their own credit, and transferred the same over to Foster & Co., and charged for the use of their name, which they clearly had a right to do. The mere fact that the commission merchant, as agent, loans his money temporarily to his principal, he to be reimbursed by moneys procured through his own labors, does not deprive him of his right to compensation for his services. This is precisely the condition which the plaintiffs in this action may have occupied under the proofs towards Foster & Co. They had out of their own funds made temporary advances to Foster & Co. upon these securities, the understanding being, as evidenced by the papers, that the plaintiffs should procure the money from some other source with which to reimburse themselves, and use their own credit to enable them to do so. In principle, we cannot say that there is any difference between a transaction of this description and one where the agent procures the money and hands it to his principal, less a charge for his own compensation. The question is whether the transaction is necessarily usurious,— whether it is necessarily a cover for usury,—because, the jury having found that it was not usurious, it is necessary, in order that the defendants should succeed on this appeal, that they should establish by conclusive evidence, so that there will be no question for the jury, that the transaction was usurious, and therefore void. This, we think, they have failed to do. It was a question for the jury to determine as to whether this form was gone through with for the purpose of covering a usurious transaction, within the princi-

ples laid down in the cases cited. Such transactions may be innocent, and consequently they are not necessarily guilty. And whether there was a guilty intent or not is the question upon which the jury must pass, and; they having passed in favor of the plaintiff, this court cannot say that the verdict was erroneous. In fact, from all the evidence in the case, it seems to us that it was a legitimate business transaction; that Foster & Co. needed the money, and the plaintiffs by their superior credit got it for them, advancing the money themselves temporarily, with the understanding that they were to reimburse themselves by a negotiation of these notes secured by the warehouse receipts. It was undoubtedly the understanding that these notes were to obtain credit through the guaranty of the plaintiffs, and for the use of their name there is no question of their right to charge.

There is also a question raised in respect to the storage. It is urged that the claim for storage formed no ground upon which the plaintiffs could claim possession of the goods in question, and that, when demand was made for the possession of the goods, the right to possession was placed distinctly upon the lien for advances, and not upon the question of storage. However this may be, in view of the form of the verdict, the defendant would not be entitled to a new trial, even if the court made an error in that regard, because they found that plaintiffs had a right to possession of these goods to cover their advances, and, even if the court was erroneous in its ruling in reference to the claim for storage, the verdict was correct, provided the defendants failed to make out their defense of usury. It is not necessary, therefore, to determine on this appeal as to whether or not the position of defendants in reference to storage was correct, as, in view of the form of the verdict as already stated, that question becomes entirely immaterial. We think upon the whole case, therefore, that the verdict cannot be disturbed, and that the judgment and order must be affirmed, with costs. All concur.